# United States District Court

## for the

## Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Heidi S. Elliott | Case Number: 0980 2:14CR00168-TOR-28 |
| Address of Offender: | Spokane, Washington 99205 |

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, Chief U.S. District Judge

Date of Original Sentence: July 24, 2015

| | | | |
|---|---|---|---|
| Original Offense: | Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1349 | | |
| Original Sentence: | Prison 47 days;<br>TSR - 36 months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | George J. C. Jacobs, III | Date Supervision Commenced: | July 24, 2015 |
| Defense Attorney: | Federal Public Defender | Date Supervision Expires: | July 23, 2018 |

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 14**: You shall abstain from the use of illegal controlled substances, and shall submit to testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: Heidi Elliott violated the conditions of her supervised release in Spokane, Washington, on or about January 7, 2016, by failing to provide a urinalysis as directed.

On July 24, 2015, supervision commenced in this matter. On July 28, 2015, Ms. Elliott reported to the U.S. Probation Office at which time a supervision intake was completed. The conditions of supervision were reviewed with her, and she signed a copy of the conditions of supervised release, acknowledging and understanding the conditions, which included the above-noted special condition number 14.

On January 7, 2016, Ms. Elliott reported to the U.S. Probation Office. She was directed to provide a urine sample. She was unable to provide a sample at that time. Ms. Elliott was also required to report to Alcohol Drug Education Prevention and Treatment (ADEPT) that same day in order set up her outpatient treatment. Ms. Elliott was directed to provide a urine sample at ADEPT, where they are coordinating her outpatient treatment.

Ms. Elliott reported to ADEPT, but failed to provide a urine sample as directed.

Ms. Elliott was a participant in the STEP court program from February 2016, until she was unsuccessfully terminated on May 4, 2017. The above-noted violation has not been addressed through the Court due to her participation in STEP.

2     **Special Condition # 21**: Defendant shall complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement absent further order of the Court. Defendant shall allow reciprocal release of information between the supervising officer and treatment provider. You shall contribute to the cost of treatment according to your ability to pay.

**Supporting Evidence**: Heidi Elliott violated the conditions of her supervised release in Spokane, Washington, on or about January 14, 2016, by failing to attend a mental health evaluation as directed.

On October 14, 2015, a revocation hearing was held. As a result, Ms. Elliott's conditions of supervised release were modified to include the above-noted special condition number 21.

On January 12, and 13, 2016, text message correspondence was receive from Ms. Elliott. In both instances she acknowledged that she had a mental health appointment scheduled for January 14, 2016.

On January 14, 2016, Ms. Elliott reported to the U.S. Probation Office as directed. However, she failed to attend the mental health evaluation that same morning. Ms. Elliott advised she had overslept.

The mental health evaluation was rescheduled for Saturday, January 23, 2016, which she attended.

Ms. Elliott was a participant in the STEP court program from February 2016, until she was unsuccessfully terminated on May 4, 2017. The above-noted violation has not been addressed through the Court due to her participation in STEP.

3     **Special Condition # 14**: You shall abstain from the use of illegal controlled substances, and shall submit to testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Heidi Elliott violated the conditions of her supervised release in Spokane, Washington, on or about January 11, 2016, by consuming a controlled substance, methamphetamine.

On July 24, 2015, supervision commenced in this matter. On July 28, 2015, Ms. Elliott reported to the U.S. Probation Office, at which time a supervision intake was completed. The conditions of supervision were reviewed with her and she signed a copy of the conditions of supervised release, acknowledging and understanding the conditions, which included the above-noted special condition number 14.

On January 14, 2016, Ms. Elliott provided a urine sample that tested presumptive positive for methamphetamine. She denied use and the sample was sent to the lab for additional testing.

The undersigned received the laboratory report which confirmed the presence of methamphetamine.

On January 21, 2016, Ms. Elliott reported to the U.S. Probation Office and signed a drug use admission form admitting to consuming methamphetamine on January 11, 2016.

Ms. Elliott was a participant in the STEP court program from February 2016, until she was unsuccessfully terminated on May 4, 2017. The above-noted violation has not been addressed through the Court due to her participation in STEP.

4      **Special Condition # 15:** Defendant shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer) as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: Heidi Elliott violated the conditions of her supervised release in Spokane, Washington, on or about January 11, 2016, by consuming alcohol.

On July 24, 2015, supervision commenced in this matter. On July 28, 2015, Ms. Elliott reported to the U.S. Probation Office, at which time a supervision intake was completed. The conditions of supervision were reviewed with her and she signed a copy of the conditions of supervised release, acknowledging and understanding the conditions, which included the above-noted special condition number 15.

On January 21, 2016, Ms. Elliott reported to the U.S. Probation Office and signed a drug use admission form admitting to consuming alcohol on January 11, 2016, leading to her methamphetamine use as noted above.

Ms. Elliott was a participant in the STEP court program from February 2016, until she was unsuccessfully terminated on May 4, 2017. The above-noted violation has not been addressed through the Court due to her participation in STEP.

5      **Special Condition # 14**: You shall abstain from the use of illegal controlled substances, and shall submit to testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Heidi Elliott violated the conditions of her supervised release in Spokane, Washington, on or about January 19, 2016, by consuming oxycodone.

On July 24, 2015, supervision commenced in this matter. On July 28, 2015, Ms. Elliott reported to the U.S. Probation Office, at which time a supervision intake was completed. The conditions of supervision were reviewed with her and she signed a copy of the conditions of supervised release, acknowledging and understanding the conditions, which included the above-noted special condition number 14.

On January 20, 2016, Ms, Elliott provided a urine sample at ADEPT which tested presumptive positive for opiates. She denied use and the sample was sent to the lab for additional testing.

On January 21, 2016, Ms. Elliott reported to the U.S. Probation Office as directed. She immediately admitted to consuming an oxycodone pill on January 19, 2016, and signed a drug use admission form.

Ms. Elliott was a participant in the STEP court program from February 2016, until she was unsuccessfully terminated on May 4, 2017. The above noted violation has not been addressed through the Court due to her participation in STEP.

6     **Special Condition # 14**: You shall abstain from the use of illegal controlled substances, and shall submit to testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On July 24, 2015, supervision commenced in this matter. On July 28, 2015, Ms. Elliott reported to the U.S. Probation Office, at which time a supervision intake was completed. The conditions of supervision were reviewed with her and she signed a copy of the conditions of supervised release, acknowledging and understanding the conditions, which included the above-noted special condition number 14.

In February 2016, Ms. Elliott was accepted into the STEP court program. She was subsequently placed into a higher level of testing as a requirement for the program.

On May 4, 2017, she was unsuccessfully terminated from STEP. She then failed appear for random urinalysis test at ADEPT that same day.

On May 12, 2017, during text messaging correspondence with Ms. Elliott, she indicated she assumed that due to her termination from STEP she did not need to report to ADEPT.

7     **Special Condition # 16**: Defendant shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. Defendant shall contribute to the cost of treatment according to her ability to pay. Defendant shall allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: On July 24, 2015, supervision commenced in this matter. On July 28, 2015, Ms. Elliott reported to the U.S. Probation Office, at which time a supervision intake was completed. The conditions of supervision were reviewed with her and she signed a copy of the conditions of supervised release, acknowledging and understanding the conditions, which included the above-noted special condition number 16.

In February 2016, Ms. Elliott was accepted into the STEP court program.

On January 31, 2017, Ms. Elliott entered inpatient treatment at Pioneer Center East (PCE). On March 22, 2017, she successfully discharged from inpatient treatment at PCE and subsequently was placed into intensive outpatient treatment at ADEPT, where she was required to attend three group sessions per week, as well as a one-on-one session with her counselor.

ADEPT reported that Ms. Elliott failed to attend classes at ADEPT on May 8, 9, and 10 2017.

On May 12, 2017, during text messaging correspondence with Ms. Elliott, she indicated she assumed that due to her termination from STEP she did not need to report to ADEPT.

ADEPT has reported that Ms. Elliott's case would be staffed for potential unsuccessful discharge from their program. They advised that Ms. Elliott has been provided two opportunities for inpatient treatment, she continues to miss groups, one-on-ones, and

urinalysis testing. She has not progressed appropriately in treatment and does not appear amendable to treatment. A final decision on whether or not she will be discharged has not yet been received.

8 **Standard Condition # 2**: The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

**Supporting Evidence**: On July 24, 2015, supervision commenced in this matter. On July 28, 2015, Ms. Elliott reported to the U.S. Probation Office, at which time a supervision intake was completed. The conditions of supervision were reviewed with her and she signed a copy of the conditions of supervised release, acknowledging and understanding the conditions, which included the above-noted standard condition number 2.

In February 2016, Ms. Elliott was accepted into the STEP court program. On May 4, 2017, she was unsuccessfully terminated from STEP.

On May 10, 2017, after attempts to make contact with Ms. Elliott by phone were unsuccessful, the undersigned attempted to locate her at her residence, the Revive Reentry House. Ms. Elliott was not at the residence at the time, therefore a business card was left on her bed with a note directing her to report the following day at 10 a.m. At that time, the roommate indicated Ms. Elliott stays at the residence regularly.

The undersigned was later contacted by the owner of Revive Reentry House, who advised they located the undersigned business card. They reported ongoing difficulty making contact with Ms. Elliott and advised she is behind on rent. They advised that they are willing to continue working with Ms. Elliott; however, she does not follow through with paying rent when she says she will and does not communicate as requested. She advised that on May 1, 2017, after trying to reach Ms. Elliott to get rent paid, Ms. Elliott told her she needed to pick up her daughter in Seattle. Ms. Elliott further told them that sometimes she spends the night at the Econolodge she works at and sometimes she stays with one of her children's father. They have asked Ms. Elliott to communicate, but she continuously fails to do so.

The undersigned attempted to locate Ms. Elliott at her place of employment, the Econolodge. Contact was made with the business owner, as well as two staff members. They advised that although Ms. Elliott is still considered an employee, she had not worked there in at least 2 weeks because she called in each time she was supposed to work stating she was ill or had something to do. They advised that she was removed from the schedule, but employment was not terminated.

That same evening, the undersigned sent a text message to Ms. Elliott advising her she is expected to report the following day (May 11, 2017) at 10 a.m. Ms. Elliott responded wanting to know if she was being arrested so that she could make arrangements for her property and for her daughter. Ms. Elliott was advised that there were no plans for her to be arrested at that time.

On May 11, 2017, Ms. Elliott failed to report. That same day, at approximately 3 p.m, the undersigned sent her a text message and a voice mail message advising she was still expected to report that day.

On the morning of May 12, 2017, Ms. Elliott responded by text and indicated she had an emergency yesterday that she believed the undersigned would not care about or understand, but that she would turn herself in this date. She later responded by stating that the undersigned always puts her in jail and her sister was dying. She wanted to be able to say good bye to her sister. She continued to say that she did not trust the undersigned, but again stated she would report this date.

It appears Ms. Elliott is not amendable to supervision and has absconded from supervision.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the offender to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 05/12/2017

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons

Thomas O. Rice
Chief United States District Judge

May 15, 2017

Date